**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

ENVIRONMENTAL INFORMATION SERVICES, INC, a Colorado corporation,

    Plaintiff,

v.

MARK DAVID LEDWELL, an individual, and
FLWRPWR, LLC, a limited liability company of Virginia,

    Defendants.

---

COMPLAINT FOR A CIVIL CASE

---

The Parties to This Complaint

1. The Plaintiff
    i. Name: Environmental Information Services, Inc.
    ii. Address: 5789 Sheridan Blvd., Arvada, Colorado 80002
    iii. Telephone: (303) 589-6447
    iv. Email: jlieberman@the-safety.com
2. The Defendants
    i. Defendant No. 1.
        1. Name: Mark David Ledwell
        2. Address: 5311 Esabella Ct., Fairfax, Virginia 22032
        3. Telephone: (207) 256-3149
        4. Email: Daveledwell24@gmail.com
    ii. Defendant No. 2.
        1. Name: FLWRPWR, LLC
        2. Address: 5311 Esabella Ct., Fairfax, Virginia 22032
        3. Telephone: (207) 256-3149
        4. Email: Daveledwell24@gmail.com

Basis for Jurisdiction

3. Diversity of Citizenship under 28 U.S.C. 1332
   i. The Plaintiff
      1. Name: Environmental Information Services, Inc., residing in the State of Colorado.
   ii. The Defendants
      1. Defendant 1, Name: Mark David Ledwell residing in the State of Virginia
      2. Defendant 2, Name: FLWRPWR, LLC doing business as a Virginia limited liability company with a principal place of business at 5311 Esabella Ct., Fairfax, Virginia 22032
   iii. The amount in controversy is greater than seventy-five thousand dollars.
4. Venue is appropriate in Colorado based upon contractual agreement of the Parties.

General Allegations

1. This is a breach of a written installment sale agreement and subsequent failure to pay by the buyer, the Defendants Mark David Ledwell and his company FLWRPWR, LLC. The Installment Sale Agreement ("Agreement") was entered into on August 30, 2020. The Plaintiff agreed to sell certain specified laboratory equipment at the agreed sales price of $350,000.00. The Defendants manifested their agreement by executing the Agreement, Mark David Ledwell executed on behalf of himself and as Member of FLWRPWR, LLC.
2. Installments were arranged providing for an upfront payment of $150,000. The balance owing of $200,000 is to be paid over a 36-month period at monthly installments of $6,114.81. In October, 2020 the Defendants had paid the initial amount of $150,000.
3. The Plaintiff delivered the equipment at its Colorado location in an "As Is" condition in conformance with the Agreement. The Defendants appointed a Colorado agent, Dairy Engineering Company, Arvada, Colorado to accept the shipment at the Plaintiff's dock,

prepare the purchased laboratory equipment for shipment and to arrange shipment on an interstate carrier. The Plaintiff supervised the activity as provided by the Agreement, schedule II. Delivery occurred on October 22, 2020.

4. The shipping destination designated by the Defendants was 235 Bridgton Rd., Fryeburg, Maine 04037, a premise where the Defendants intended to place the laboratory equipment.

5. The Plaintiff travelled to the Maine location on two occasions to assist in assembling the equipment. The first trip was October 25th and the second, November 16, 2020. The trips and documents provided were in performance of a second agreement formed between Paradigm Brands, LLC and THC Safety, Inc. Paradigm Brands, LLC is a company in which the Defendant, Mark David Ledwell is a Member and is doing business at 235 Bridgton Rd., Fryeburg, Maine, 04037. THC Safety, Inc., is a tradename of the Plaintiff.

6. The agreement between Paradigm Brands and THC Safety is written and provides for THC Safety to provide drawings and municipality support to Paradigm Brands, LLC. It is dated July 14, 2020, ("Engineering Documents Agreement") The Engineering Document Agreement specifically states that THC Safety, Inc., will provide stamped architectural and engineering documents in support of Paradigm Brands' application for permits. Further, THC Safety will be available to answer inquiries from the Fryeburg Municipality regarding construction, systems and features of the equipment. The Engineering Documents Agreement further states that the documents provided were with a limited use license to Paradigm Brands for it (<u>Paradigm Brands</u>) to pursue municipal permits. (Emphasis added).

7. The Plaintiff has performed its obligations under the Agreement. It is the Plaintiff's information and belief that Paradigm Brands has not obtained permits and for that it attempts to blame the Plaintiffs.

8. The Defendants have failed to pay full monthly amounts as stated in the Agreement.

9. The Defendants represented in the Agreement, *inter alia,* that "The above prices, specifications, and conditions are satisfactory and hereby accepted. Payments will be made as outlined in the above agreement conditions." The outlined states monthly payments of $6,114.81.

10. Instead of honoring their acceptance, the Defendants paid monthly amounts of $2,993 for January, February, March and April and have placed accord and satisfaction language on each check in an attempt to force a refusal to pay the full contracted amount. The Plaintiff has not transacted any of the short payments and has issued notice of demand for full payment and breach of contract.

## CLAIMS

First Claim for Relief

Breach of Written Contract Against Both Defendants

11. The Plaintiff re-asserts all preceding allegations as if set forth here.
12. There exists an installment sale Agreement for purchase.
13. The Plaintiff is excused from performing under the terms of the Agreement based upon the prior material breach by the Defendants in failing to perform its duties and obligations under the Agreement.
14. The Defendants failed to perform their duties and obligations under the Agreement, *inter alia*, failing to tender funds in payment for the goods and services accepted and purchased.
15. The Plaintiff has suffered general and special damages as a direct and proximate cause of the Defendants' breach.
16. With respect to the Plaintiff's special damages, the Plaintiff may be forced to re-acquire the goods and equipment at a price less than what the market value of the goods would have been had the Defendants performed their Agreement.

Wherefore: The Plaintiff prays for actual damages no less than $188,028.00 and special damages in an amount to be proven at trial, court costs, attorney fees, witness costs and expert fees and costs, pre-and post-judgment and such other relief as this honorable Court deems just and proper.

## Second Claim for Relief, Alternative Claim
## Unjust Enrichment Against Both Defendants

17. The Plaintiff re-asserts all preceding allegations set forth in the Statement of Claims as if set forth here.
18. The Defendants received benefits from the Plaintiff to include but not limited to laboratory equipment and services at the Plaintiff's expense.
19. The Defendants have unjustly retained the benefits by retaining the equipment and receiving services but failing to fairly and justly compensate the Plaintiff.

Wherefore: The Plaintiff asks for judgment against the Defendants in amounts that will fairly and justly compensate them for the goods and services sold and rendered to the Defendants, court costs, attorney fees, witness costs and expert fees and costs, pre-and post-judgment and such other equitable relief as this honorable Court deems just and proper.

## Third Claim for Relief
## Breach of Implied Covenant of Good Faith and Fair Dealing
## Against Both Defendants

20. The Plaintiff re-asserts all preceding allegations set forth in the Statement of Claims as if set forth here.
21. The Plaintiff and the Defendants entered into a written installment sale contract whereby the Defendants agreed to purchase certain equipment under stated financial terms.
22. The Plaintiff did all, or performed substantially all of the significant things that the contract required it to do.
23. The Defendants failed to make the purchase payments as they agreed and further made short payments with attempts to obtain an accord and satisfaction from the Plaintiff.
24. By failing to make appropriate payment and requiring acceptance of accord and satisfaction the Defendants did not act fairly and in good faith.
25. The Plaintiff was harmed by the Defendant's conduct.

Wherefore, the Plaintiff request compensatory damages as a result of their covenant breach and other relief that this honorable Court deems just and proper.

Respectfully submitted this 12 day of May, 2021

Law Offices of Gary Tucker

Attorney for the Plaintiff

_____

Gary Tucker, Reg. No. 15811

1600 Broadway, Suite 1660

Denver, Colorado 80202

(720) 939-1601
